Argued January 8, affirmed February 19, 1964

# STATE OF OREGON *v.* BOWMAN

389 P. 2d 458

*B. B. Bouneff,* Portland, argued the cause for appellant. With him on the brief were Bouneff & Hallinan and Thomas N. Hallinan, Portland.

*Vincent G. Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

SLOAN, J.

Defendant was convicted of an assault with a dangerous weapon and appeals. Defendant contended that he had acted in self-defense. The assignments require a statement of facts.

The victim of the assault was one Zimmerman, a night clerk in a hotel on West Burnside in Portland. At about 2 a.m. on June 24, 1962, defendant entered the small lobby of the hotel. He was intoxicated. He sat on a bench or chair near the street door to the lobby. Defendant wanted air. Zimmerman wanted the door closed and locked. So, for several minutes after defendant entered the lobby Zimmerman would leave his post of duty behind the desk and close the door. Defendant would immediately reopen it. After this happened about fifteen times defendant displayed a pocketknife in a threatening manner. Zimmerman then took an iron pipe from the desk and approached defendant. There is some conflict as to how the fight started and how the defendant's wounds were inflicted. But it is clear that Zimmerman struck defendant a blow upon the head with the

iron pipe. Defendant retaliated by cutting Zimmerman about the head, neck and back with a knife. The struggle started in the lobby and ended on the sidewalk in front of the hotel.

Two passers-by in an automobile saw defendant striking at Zimmerman with an instrument when Zimmerman was described as "sitting down" on the sidewalk in front of the hotel. The same witnesses saw defendant leave the scene and a few minutes later, aided police officers in identifying the defendant when he was apprehended not far away. The instrument the witnesses said they saw defendant using was not described sufficiently to indicate what it was. However, the fact that some kind of an instrument was seen by them will be significant when we later consider one of the assignments.

Zimmerman had received a total of eleven lacerations; some of them were long and deep. When the police arrived Zimmerman was found on the sidewalk leaning against the side of the building. There were pools of blood at the spot where he was found and also within the lobby.

Defendant testified. He did not deny the assault. He stated that he was stunned by the blow that he received from Zimmerman and did not remember what happened thereafter. His only defense was and could only be that he acted to protect himself. He admitted having a pocketknife.

■ The first assignment claims that the court erred in admitting into evidence as an exhibit an ordinary table knife found by the police near Zimmerman. The knife was covered with blood. There was no evidence to show where the table knife came from. There was no evidence to show what kind of a knife defendant had used. It was certain he used some kind of a

knife. The testimony of the passers-by that they had seen an instrument in defendant's hand could have caused the jury to infer that the instrument was the table knife. But aside from that, the exhibit was admissible.

Defendant relies on *State v. Thompson,* 1961, 228 Or 496, 364 P2d 783. In *Thompson* we held that a revolver found in the defendant's home several weeks after an alleged robbery, and not identified as the robbery weapon, was not admissible. This is a very different case than *Thompson.* Here the knife was found at the scene immediately after the assault. It could have been the weapon used. *Thompson* does not eliminate this kind of evidence. 288 Or at 501-502. But in no event was the evidence prejudicial. Zimmerman was stabbed. Whether the exhibit was the weapon used was of little consequence in weighing the question of self-defense. The assignment cannot be sustained.

■ The second assignment claims the court erred in admitting the clothing alleged to have been worn by Zimmerman at the time of the fight. It was argued that the blood-caked clothing was inflamatory. The jury was otherwise aware that Zimmerman bled profusely. The clothing added nothing to the evidence but it was not prejudicial in any respect. *State v. Leland,* 1951, 190 Or 598, 630, 227 P2d 785.

■ Another assignment is directed at the court's refusal to direct a verdict of acquittal. The question of self-defense was for the jury. The court could not have held as a matter of law that defendant acted only to protect himself.

Two assignments claim prejudicial comment by the prosecuting attorney in his closing argument to the jury. One comment was an attempt by the prose-

cutor to minimize the testimony of a witness. The court admonished both counsel to stick to the evidence. The other comment related to the seriousness of Zimmerman's wounds. The comment was made at the close of the prosecution's argument, objection was made but the court did not rule.

■ We think that neither comment, nor the combined effect of both, were in any way prejudicial to defendant. The jury had a direct issue to decide and we are loath to think that the extraneous matter injected into the argument to the jury could have altered the verdict. The assignments lack merit. The judgment is affirmed.